**Charles Lee RUNDLES, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13961.**

Court of Criminal Appeals of Oklahoma.

May 3, 1967.

Chauncey D. Twine, Muskogee, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Jeff Hartmann, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by transcript from the County Court of Muskogee County, from a conviction for the offense of driving while under the influence of intoxicating liquor. Plaintiff in error will hereafter be referred to as defendant, as he appeared in the trial court.

Defendant was tried by a jury, found guilty, and sentenced to serve one year in the county jail, on December 8, 1965. The record indicates this was defendant's first offense under this charge, for which he was given the maximum jail sentence, but was not assessed a fine.

Defendant's case was listed as the eighty-third case on the court's docket for the period December 8 through December 22, 1965. The court proceeded to try defendant without an attorney on the first day set for trial, notwithstanding the listing on the docket. The court minute reflects that the court offered to appoint counsel to represent the defendant, but he declined the offer, and asked for time to obtain counsel of his own choice. Defendant's brief contends that the county attorney insisted that the State was ready, and the court should proceed to trial. Therefore, defendant's request was denied, and the court proceeded to trial.

The court minute reflects that the State introduced four witnesses to prove its case, whereas the defendant offered no defense. Instructions were read to the jury, closing arguments were heard, and the jury retired to consider its verdict.

After the verdict was returned and judgment and sentence was passed, defendant was granted bail. He then proceeded to engage an attorney, who perfected this appeal by transcript. Defendant contends in his brief that he has a fourth grade education, and at the time was unemployed. His attorney filed a motion for a new trial, which was overruled; his notice of intention to appeal, and an affidavit requesting case made at public expense. However, the court minutes for January 27, 1966 recites that the affidavit was withdrawn, "as he has since become employed and able to pay costs."

Insofar as this appeal is by transcript, none of the testimony is available to consider. We are, therefore, bound to consider the record for fundamental error only. Likewise, insofar as no formal judgment and sentence was entered in this case until such was ordered by this Court, we must presume that defendant was granted the opportunity, and knowingly waived the time for passing judgment and sentence.

Further, insofar as the record reflects that two members of the Oklahoma Highway Patrol testified as witnesses, along with the two jailers, and that such testimony was heard by a jury, we must presume that the State did offer sufficient evidence to sustain the verdict. However, after reviewing the transcript, we observe the State did not allege any aggravating circumstances surrounding the incident; and after reviewing other sentences for similar offenses, and considering the fact that the defendant was not represented by counsel, we can only conclude that defendant's sentence was excessive.

█ Notwithstanding the fact that it is within the discretion of the trial judge, whether or not a continuance should be granted, we are of the opinion that under the circumstances of this particular case the defendant's request should have been granted. This is especially true considering that defendant's case was shown to be the eighty-third case on the docket, for the period December 8, through December 22, 1965.

Analogous to the previous presumptions employed herein, we must also presume that the eighty-two cases preceding the defendant's case were continued for other good reasons shown. Also, that defendant's case was tried that particular day because of the county attorney's insistence, that the State was ready to proceed to trial. Under the unique circumstances of this case, we believe that that fundamental fairness required that defendant should have been granted his continuance, in order to obtain a lawyer, or, the court should have proceeded to appoint counsel, while permitting some time for the court-appointed counsel to familiarize himself with the facts of the case.

█ We are of the opinion that justice will best be served by modifying defendant's sentence from one year in the county jail, to sixty days in the county jail.

The judgment and sentence, as modified, is affirmed.

NIX, P. J., and BUSSEY, J., concur.